Request of Governor and Council
No. 6722

OPINION OF THE JUSTICES

September 7, 1973

The following resolution was adopted by the Governor and Council on August 21, 1973, and filed in this court on August 22, 1973:

"WHEREAS, the Governor and Council, January 24, 1973,

unanimously confirmed the appointment of Mr. William P. Bittenbender to the position of chairman of the State Board of Education;

"WHEREAS, Mr. William P. Bittenbender currently serves as chairman of the admissions committee, director of the placement office, and chairman of the department of business administration and economics for Nathaniel Hawthorne College, a private, non-profit, four-year, post-secondary educational institution located at Antrim, New Hampshire;

"WHEREAS, Mr. William P. Bittenbender has not been serving nor is he currently serving as a "Technical educator" nor as one "Professionally engaged in school work" involving public, tax supported schools;

"WHEREAS, Mr. William P. Bittenbender desires to return September 10, 1973, to his position as professor of business administration and economics at Nathaniel Hawthorne College and resume active classroom teaching;

"WHEREAS, the statutory propriety of resuming such duties depends in substance upon the construction of RSA 186:1 which provides in part that "the seven members of the board of education shall serve without pay and shall not be technical educators nor professionally engaged in school work;"

"Now, THEREFORE, be it resolved that the Justices of the Supreme Court be respectfully requested to give their opinion on the following important question of law:

"(1) May a member of the State Board of Education engage in classroom teaching for a private, four-year, post-secondary educational institution without violating the provisions of RSA 186:1?"

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

In your resolution filed August 22, 1973, you ask the following question relating to the possible disqualification of a member of the State board of education who is presently serving as chairman: "May a member of the State Board of Education engage in classroom teaching for a private,

four-year, post-secondary educational institution without violating the provisions of RSA 186:1?"

The pertinent portion of RSA 186:1 reads as follows: "The seven members of the board of education shall serve without pay and shall not be technical educators nor professionally engaged in school work."

The possible disqualification suggested in your resolution would arise should the present chairman return to the position of professor of business administration and economics at Nathaniel Hawthorne College (a private, four-year, post-secondary institution) and resume active classroom teaching.

It has been suggested that the statute is not intended to prevent service on the State board by professional educators engaged in post-secondary teaching in private institutions but is solely directed at professional educators in public primary and secondary schools with which the State board is primarily concerned. In this connection it may be noted that the duties of the board and its members are not restricted solely to public schools (RSA 186:11 XXIX (Supp. 1972)) or elementary and secondary schools. RSA 186:13-a (Supp. 1972).

The applicable restrictive provisions of RSA 186:1 as to the membership of the State board of education appeared in Laws 1919, 106:1 by which the State board of education was first established. The statutory exclusion of "technical educators" and persons "professionally engaged in school work" was specifically recommended by a report to the legislature of a distinguished advisory committee. The following significant language pertaining to the powers and membership of the board appears in the committee report: "Such powers cannot wisely be given to a single official nor to a body composed exclusively of persons occupying educational posts and subject to the blinding influence of special theories of education. If this view of the matter is sound, the necessary power should be given to a board composed of practical citizens of wisdom and prudence who, while possessing such knowledge of educational matters as will enable them to arbitrate questions of educational principles and policy with good judgment and sagacity, can be trusted at the same time to steer clear of the vagaries and extravagances inherent in many

educational theories. In short, there should be a governing board composed of practical persons and an executive department composed of educational experts; for while our schools must be carried on under expert direction, this direction should be exercised with due consideration for prevailing economic and social conditions and in such a way as to exclude costly educational experiments." N.H. State Board of Education Report 1919-1920, at 19-20 (1920).

In view of the specific language of RSA 186:1, its origin, and its legislative history, we are of the opinion that it was the legislative purpose then and now that the State board of education should not be composed of "technical educators" or persons "professionally engaged in school work" regardless of the character or type of school involved. Accordingly the answer to your question is "No", a member of the State board of education may not engage in classroom teaching for a private, four-year, post-secondary educational institution without violating the provisions of RSA 186:1.

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

September 7, 1973.

Governor Meldrim Thomson, Jr., by his legal counsel, Charles G. Douglas III, for an affirmative answer.